[S.F. No. 22981. In Bank. Dec. 11, 1974.]

TOP HAT LIQUORS, INC., Petitioner, v.
DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL,
Respondent.

**108**

**COUNSEL**

C. Wadsworth White and Alfred P. Knoll for Petitioner.

Evelle J. Younger, Attorney General, and L. Stephen Porter, Deputy Attorney General, for Respondent.

## OPINION

**WRIGHT, C. J.**—Petitioner, a corporate off-sale liquor licensee, seeks a writ of mandate to compel the respondent Department of Alcoholic Beverage Control (the department) to reduce monetary penalties assessed against it under Business and Professions Code section 24755.1, a part of the Alcoholic Beverage Control Act. That section imposes such penalties on licensees who sell distilled spirits at less than minimum retail prices established by fair trade contracts in accordance with section 24755.[1]

Petitioner challenges the validity of the procedure by which the department accumulates evidence of successive sales each below minimum retail prices and then, in a single prosecution, imposes cumulative penalties each based on a single sale but measured in severity by the prior number of illegal sales in the series. Specifically, petitioner claims that the imposition of such cumulative penalties by the department is not permissible under section 24755.1 and, even if permissible, constitutes arbitrary and capricious action in violation of the due process clauses of the federal and state Constitutions. We do not reach the foregoing contentions, however, as petitioner failed to exhaust its administrative remedies and its application for the instant relief is thus premature. In pursuing its administrative remedies petitioner is nevertheless entitled to the benefit of our decision this date in *Walsh* v. *Kirby, ante,* page 95 [118 Cal.Rptr. 1, 529 P.2d 33] wherein, we hold that the imposition of cumulative penalties based on similar investigative practices was, in that case, arbitrary and capricious and constituted a denial of due process.

The sole shareholder and president of petitioner, Raymond A. Douglass, Jr., was at all times herein regularly employed as an assistant manager of a large supermarket totally independent of petitioner. Douglass invested his savings and other funds borrowed from relatives in petitioner corporation. After the commencement of business he delegated the day-to-day management to his father and another individual, both of whom were officers of the corporation.

Evidence presented at an administrative hearing conducted by the department following its accusation of petitioner discloses that Douglass' father and other employees of petitioner devised a scheme by which certain customers were issued "courtesy cards" which enabled them to buy dis-

---

[1]Unless otherwise specified, all statutory references are to sections of the Business and Professions Code.

tilled spirits at prices below the minimum retail prices set forth in schedules filed with the department. An employee of the department obtained such a card from one of petitioner's competitors. Investigators then used the card to make purchases of distilled spirits at less than minimum retail prices on 11 separate occasions over a 26-day period. Douglass was unaware of the scheme or of the sales that were being made pursuant to it and had no actual notice of any illegal sale made to the department's investigators until the filing of an accusation charging the 11 violations.

Following the hearing the department made findings that petitioner committed 11 violations of section 24755 and, purporting to act in accordance with section 24755.1, assessed penalties of $250 for the first violation and $1,000 for each of the following successive violations for a total of $10,250. Petitioner seeks to compel a reduction of the penalty to $250 claiming that it could be assessed for only a single violation.

■ The department contends that we lack jurisdiction herein since petitioner has failed to exhaust its administrative remedy of appeal to the Alcoholic Beverage Control Appeals Board (the board).[2] Petitioner filed an appeal with the board after the commencement of these proceedings but the board has not yet acted and it must be deemed that such remedy has not yet been exhausted.[3]

■ A court is generally without jurisdiction to review administrative action until after the administrative remedy provided for by statute has been exhausted. (See *Abelleira* v. *District Court of Appeal* (1941) 17 Cal. 2d 280, 291-293 [109 P.2d 942, 132 A.L.R. 715].) ■ The rule is equally applicable in the case of a liquor licensee adversely affected by a decision of the department. In 1967 the Legislature made specific provision as to the availability and the scope of judicial review of departmental decisions in sections 23090 through 23090.7. (Stats. 1967, ch. 1525, § 4, pp. 3635-3636.) The exclusiveness of the judicial review thus provided is made clear by section 23090.5, which expressly withholds from the courts jurisdiction to review or otherwise to interfere with the department

---

[2]The remedy by way of administrative appeal is provided for by article XX, section 22, of the Constitution and implemented by sections 23080 to 23089.

[3]On the day after petitioner filed its appeal with the board without posting a surety bond or paying the $10,250 penalty under protest (but offering to pay the $250 penalty for one violation), the department suspended petitioner's license indefinitely and posted notices of the suspension on petitioner's door, fixtures and display shelves. We stayed the suspension when we issued the alternative writ. (See § 23090.6.)

or its decisions, "except . . . to the extent specified in [§§ 23090 through 23090.7]."[4] Section 23090, in specifying the conditions under which applications may be made for a writ of review, limits such applications to those persons affected by a "final order of the board." It is thus manifest that the limited review will lie only after the board has made a final order; that is, after the administrative remedy has been exhausted.

In concluding, as we have, that sections 23090 through 23090.7 provide the exclusive avenue to judicial review following a final order of the board, we have not overlooked that provision of section 23090.5 which states that notwithstanding the express limitations on judicial review, "a writ of mandate shall lie from the Supreme Court or the courts of appeal in any proper case." (See fn. 4, *supra*.) It is clear for reasons which follow that the quoted provision does not authorize an alternative avenue of judicial review of the adjudicatory decisions of the department apart from the writ of review provided for in sections 23090 through 23090.7.

Prior to the 1967 legislation the scope of judicial review of all departmental decisions was defined by general mandamus limitations. (Code Civ. Proc., § 1094.5.) We hold today in *Walsh* v. *Kirby, supra, ante,* pages 95, 102, that in 1967 the Legislature limited such scope to those areas specifically enumerated in section 23090.2. We recognize, however, that in imposing such limitations the Legislature intended to deal only with the adjudicatory function of the department as distinguished from its administrative function.[5] The writ of mandate remains available as a vehicle to otherwise challenge departmental performances or lack thereof "which the law specially enjoins" or which denies to a party "the use and enjoyment of a right or office to which he is entitled." (Code Civ. Proc., § 1085.) "As we read section 23090.5, the Legislature intended thereby to provide for judicial review of the orders, rules or decisions or other acts

---

[4]The full text of section 23090.5 is as follows: "No court of this state, except the Supreme Court and the courts of appeal to the extent specified in this article, shall have jurisdiction to review, affirm, reverse, correct, or annul any order, rule, or decision of the department or to suspend, stay, or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the department in the performance of its duties, but a writ of mandate shall lie from the Supreme Court or the courts of appeal in any proper case."

[5]The scope of review as provided in section 23090.2, for instance, relates only to matters bearing on the propriety of an adjudication, that is, whether the department proceeded in excess of its jurisdiction or in the manner required by law, whether the decision of the department is supported by the findings or whether the findings are supported by substantial evidence of record, and whether there is relevant evidence which reasonably could not have been produced or which was improperly excluded.

of the department in the performance of its duties when acting in its administrative rather than its limited judicial capacity." (*Samson Market Co.* v. *Kirby* (1968) 261 Cal.App.2d 577, 581 [68 Cal.Rptr. 130].)

Although the 1967 legislation does not expressly deny the availability of the writ of mandate for purposes of reviewing the adjudicatory acts of the department, the compelling inference is to that effect. Thus we cannot first ascertain, as we have, a legislative intent in 1967 to confine the former mandamus review within limits provided by section 23090.2 (*Kirby* v. *Walsh, supra, ante,* p. 102) and at the same time conclude that the Legislature simultaneously intended, by section 23090.5, to nullify those very limitations and restore as an alternative path for review of departmental adjudicatory actions the same general mandamus procedures which it then sought to limit.[6]

Petitioner further contends that the administrative remedy is inadequate because it will suffer irreparable injury in asserting such remedy. It fails to demonstrate that its situation is unique or distinctive nor does it refer to any authority supporting the claim of inadequacy. Accordingly, we are satisfied that the contention is wholly without merit.

We conclude that the 1967 legislation provides an exclusive judicial remedy for review of departmental adjudicatory decisions and that it further requires that a party seeking to invoke such relief must first exhaust its administrative remedy.

The order to show cause is discharged, the stay of the department's suspension of petitioner's off-sale liquor license is dissolved, and the petition for the writ is denied.

McComb, J., Tobriner, J., Mosk, J., Sullivan, J., Clark, J., and Burke, J.,* concurred.

---

[6]Even if we were to assume that petitioner is entitled to a general mandamus review pursuant to section 23090.5, that avenue of judicial review would also require that the administrative remedy first be pursued and exhausted. (See *Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d 280, 284-285, 291-293.)

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.