[Civ. No. 15046. Third Dist. Jan. 15, 1976.]

LESLIE BENNETT, Plaintiff and Appellant, v.
BORDEN, INC., et al., Defendants and Respondents.

## Counsel

Miller, Critchfield, Eaton & Noonan and John W. Noonan for Plaintiff and Appellant.

Littler, Mendelson & Fastiff, George T. Tichy II and Alan S. Levins for Defendants and Respondents.

## Opinion

**FRIEDMAN, Acting P. J.**—Plaintiff filed this civil action for damages and injunctive relief against his former employers in August 1973, alleging that he had been relieved of his job as plant superintendent in April 1973 solely because of his age and that he had been replaced by a younger person. In October 1974 defendants' motion for summary judgment was granted, on the ground that plaintiff had failed to exhaust his administrative remedies within one year from his April 1973 discharge. Plaintiff appeals from the summary judgment.

The Fair Employment Practice Act declares that the discharge of an employee between the ages of 40 and 64 solely on the ground of age is an unlawful employment practice. (Lab. Code, § 1420.1, enacted in 1972.) The act further provides that a person claiming to be aggrieved by an unlawful employment practice may within one year file a verified complaint with the Fair Employment Practice Commission, which shall then notify the employer, conduct an investigation, and, if warranted, file a written accusation against the employer and hold a hearing. (Lab. Code, §§ 1422-1425.) If the commission finds that the employer has engaged in an unlawful labor practice, it may issue an order requiring the complainant's reinstatement with or without back pay. (Lab. Code, § 1426.)

Plaintiff's complaint and affidavit did not allege institution or completion of proceedings before the Fair Employment Practice Commission. In support of their summary judgment motion, defendants filed a declaration of B. J. Miller, an investigator for the Fair Employment Practice Commission, who stated that the agency's files disclosed no complaint of plaintiff charging employment discrimination because of age. In his declaration Mr. Miller stated that he recalled having an interview with plaintiff in the FEPC office; that he had never prohibited plaintiff or any other person from filing a claim with the agency.

■ If an administrative remedy is provided by statute, a litigant must ordinarily show that he has invoked and exhausted the remedy before resorting to the judicial process. (*Top Hat Liquors* v. *Department of Alcoholic Beverage Control,* 13 Cal.3d 107, 110 [118 Cal.Rptr. 10, 529 P.2d 42].) A statute investing a public agency with continuing supervisory or investigatory power affords an "administrative remedy" when it establishes clearly defined machinery for the submission, evaluation and resolution of complaints by aggrieved parties. (*Rosenfield* v. *Malcolm,* 65 Cal.2d 559, 565-566 [55 Cal.Rptr. 505, 421 P.2d 697]; *Hollon* v. *Pierce,* 257 Cal.App.2d 468, 475 [64 Cal.Rptr. 808].) Exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 293 [109 P.2d 942, 132 A.L.R. 715].)

In this case plaintiff's lawsuit was based on allegations of employer discrimination constituting an unfair labor practice as defined by section 1420.1 of the Labor Code. The Fair Employment Practice Act supplied a well-defined administrative remedy for plaintiff's claim and plaintiff failed to pursue it, let alone exhaust it.

■ The doctrine of exhaustion does not apply where the administrative remedy is inadequate. (*Ramos* v. *County of Madera,* 4 Cal.3d 685, 691 [94 Cal.Rptr. 421, 484 P.2d 93].) Plaintiff argues that the administrative relief provided by the Fair Employment Practice Act is inadequate. His thesis is that job reinstatement will do him no good, because the former employer-employee relationship of mutual trust has been irrevocably destroyed and all he wants is money damages for loss of earnings and loss of retirement rights.

■ Before judicial relief may be obtained, the administrative agency has power to determine whether a given controversy falls within its statutory jurisdiction. (*United States* v. *Superior Court,* 19 Cal.2d 189, 195

[120 P.2d 26]; *County of Sacramento* v. *Assessment Appeals Bd. No. 2,* 32 Cal.App.3d 654, 663 [108 Cal.Rptr. 434].) ▮ Plaintiff's claim of an inadequate administrative remedy is only an assumption, based upon plaintiff's narrow view of the FEPC's powers and abilities. Plaintiff's preconception of the futility of administrative action did not permit him to bypass the administrative remedy. (*Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d at pp. 300-301.)

▮ Without supplying us with any reference to the record, plaintiff's brief declares that when he consulted Mr. Miller, the FEPC representative, the latter recommended that he seek private counsel. Relying on *Hollon* v. *Pierce,* he argues that he did in fact exhaust his administrative remedies. Plaintiff fails to bring himself within the situation described in the *Hollon* case, where formal FEPC proceedings had been initiated but had eventually ground to a halt. Unlike *Hollon,* plaintiff did not file a complaint with the FEPC. He makes absolutely no showing that he was unable to do so or prevented from doing so.

We conclude that plaintiff had an administrative remedy which he failed to exhaust; that the courts are without jurisdiction to entertain the present lawsuit. The summary judgment was properly granted.

Judgment affirmed.

Janes, J., and Paras, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 10, 1976.