[No. B009501. Second Dist., Div. Two. Oct. 2, 1985.]

DONALD L. MYERS, Plaintiff and Appellant, v.
MOBIL OIL CORPORATION et al., Defendants and Respondents.

**Counsel**

Frank Sanes, Jr., for Plaintiff and Appellant.

Hanna & Morton, Bela G. Lugosi and J. Nile Kinney for Defendants and Respondents.

**Opinion**

**ROTH, P. J.**—On May 21, 1979, appellant Donald Myers filed a charge of race discrimination with the California Division of Fair Employment Practices (now the Department of Fair Employment and Housing; the Department), alleging that his then employer, respondent Mobil Oil Corporation, had committed acts of discrimination against him based on his race, in violation of the provisions of the Fair Employment Practice Act (former Lab. Code, § 1410 et seq., recodified at Gov. Code, § 12900 et seq., and

renamed the Fair Employment and Housing Act). Appellant's administrative action resulted in a settlement agreement entered into in May 1980, which provided in pertinent part that: "In exchange for the promise made by the Respondent contained in this agreement, the Complainant agrees to withdraw from consideration by any state or federal agency or other governmental entity any charge or complaint of discrimination in employment or other claim relating to illegal discrimination in employment which are now pending on Complainant's behalf against the Respondent.

"Further, Complainant will not institute or cause to be instituted any action in state or federal court arising from or attributable to any alleged unlawful employment practice of the Respondent arising from or attributable to the above-described complaint on the facts alleged in that complaint.

"In exchange for the promises of the Complainant and the Department of Fair Employment & Housing, State of California, contained in this agreement, the Respondent agrees to:

"1. Remove specified derogatory materials from the personnel file of Complainant.

"2. Guarantee Complainant equal terms and conditions of employment.

"3. Submit a copy of Respondent's affirmative action plan and progress statement to Department of Fair Employment & Housing within 60 days of execution of this agreement.

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ."

On November 5, 1980, appellant was discharged by respondent. On December 17, 1980, he filed a second charge of race discrimination with the Department, again alleging that respondent had committed various acts of discrimination against him. On September 28, 1981, the Department issued a notice to Myers informing him that it would not issue an accusation against respondent because of insufficient evidence to prove a violation of the act, and that Myers had one year from the date of the notice to bring an action in superior court on his discrimination claim.

The present action was filed on November 19, 1982, alleging that respondent discriminated against appellant because of his race and thereby breached the settlement agreement. When respondent's motion for judgment on the pleadings was granted, appellant brought this appeal. We affirm.

The Fair Employment and Housing Act in providing a comprehensive legislated means for the prevention and elimination of unlawful employment

practices specifies that "Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint . . ." (Gov. Code, § 12960), which the Department is required to investigate promptly. (Gov. Code, § 12963.) Based upon its determination following investigation that the complaint is valid, the Department must "immediately endeavor to eliminate the unlawful employment practice complained of by conference, conciliation, and persuasion" (Gov. Code, § 12963.7), which, if successful, may result in an agreement like the one involved here. (Gov. Code, § 12964.) Failure of these methods to produce the desired result, on the other hand, may occasion the issuance of an accusation which shall "set forth the nature of the charges . . . and shall require the respondent to answer the charges at a hearing." (Gov. Code, § 12965.)

In any instance where an agreement has been entered into or an accusation has produced a final order or decision against a respondent, the Department within one year "shall conduct a compliance review to determine whether such [agreement,] order or decision has been fully obeyed and implemented." (Gov. Code, §§ 12964, 12973.)

Additionally, "Whenever the department believes, on the basis of evidence presented to it, that any person is violating or is about to violate any [agreement,] final order or decision issued pursuant to this part, the department may bring an action in the Superior Court of the State of California against such person to enjoin him from continuing the violation or engaging therein or in doing anything in furtherance thereof. . . ." (*Ibid.*)

In those cases where "an accusation is not issued within 150 days after the filing of a complaint, or if the department earlier determines that no accusation will issue, the department shall promptly notify, in writing, the person claiming to be aggrieved. Such notice shall indicate that the person claiming to be aggrieved may bring a civil action . . . against the person, employer, labor organization or employment agency named in the verified complaint within one year from the date of such notice. . . ." (Gov. Code, § 12965.)

■ From the foregoing it seems clear that, to the extent appellant sought to rely on any unlawful practice by respondent described in his December 17, 1980, charge as the basis for his lawsuit, he failed to file his action in a timely fashion and was barred from proceeding by the one-year limitation of Government Code section 12965 set out above. In recognition of this fact, but in contravention of it, appellant insists his complaint below was not premised upon the December 17, 1980, charge at all, but upon other acts of respondent, which constituted a violation of the *settlement agreement,* such that his suit was one simply for breach of a written contract, not

governed by the act, and not limited as to the time for bringing it except by the four-year period applicable to such actions.

■ While expressing our view in passing that the structure of the act would seem to indicate appellant's argument concerning the applicable period of limitation is at best questionable, it is unnecessary for us to address the issue, owing to our conclusion that, accepting the contention appellant's suit was based upon other acts of respondent than those specified in the December 17, 1980, charges, and that such acts violated the settlement agreement, that agreement may not be considered in a vacuum nor may its breach ipso facto permit appellant to pursue his own civil action for redress without further reference to the Department, since, as we have noted hereinabove, the Department is responsible, *at least initially,* for the enforcement of such agreements. So, as observed in *Snipes* v. *City of Bakersfield* (1983) 145 Cal.App.3d 861 at page 866 [193 Cal.Rptr. 760], "It was the intent of the Legislature to provide an administrative forum for eliminating unlawful employment practices 'by conference, conciliation, and persuasion.' (Gov. Code, § 12963.7, subd. (a).) '. . . [T]here is no right to sue, even after conciliation breaks down, unless the Department fails to file an accusation before the Commission. To that extent the availability of court remedies *remains within the Department's control.* [Also], the compliance structure of the FEHA encourages cooperation in the administrative process. While that process continues the Department acts on the victim's behalf and absorbs costs of pursuing his claim.'" (Italics added.)

Such being the case, it is also clear appellant failed to satisfy the fundamental prerequisite of exhausting his administrative remedies prior to filing his action in the trial court, in that he neglected to provide the Department with the opportunity contemplated by Government Code section 12964 to bring its own action for violation by respondent of the settlement agreement or otherwise to continue the administrative process.

■ "If an administrative remedy is provided by statute, a litigant must ordinarily show that he has invoked and exhausted the remedy before resorting to the judicial process. (*Top Hat Liquors* v. *Department of Alcoholic Beverage Control,* 13 Cal.3d 107, 110 [118 Cal.Rptr. 10, 529 P.2d 42].) A statute investing a public agency with continuing supervisory or investigatory power affords an 'administrative remedy' when it establishes clearly defined machinery for the submission, evaluation and resolution of complaints by aggrieved parties. (*Rosenfield* v. *Malcolm,* 65 Cal.2d 559, 565-66 [55 Cal.Rptr. 505, 421 P.2d 697]; *Hollon* v. *Pierce,* 257 Cal.App.2d 468, 475 [64 Cal.Rptr. 808]. Exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 293 [109 P.2d 942, 132 A.L.R. 715]." (*Bennett*

v. *Borden, Inc.* (1976) 56 Cal.App.3d 706, 709 [128 Cal.Rptr. 627]. See also *Snipes* v. *City of Bakersfield, supra,* 145 Cal.App.3d 861, 866.)

The judgment appealed from is affirmed.

Compton, J., and Beach, J., concurred.