[No. D002491. Fourth Dist., Div. One. May 13, 1986.]

JAY R. STROH, as Director, etc., Plaintiff and Respondent, v.
MIDWAY RESTAURANT SYSTEMS, INC., Defendant and Appellant.

1042

1044

**COUNSEL**

Joshua Kaplan for Defendant and Appellant.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, and Beth Lori Faber, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**BUTLER, J.**—We validate a new statute empowering the superior court to enjoin violations of rules of the Department of Alcoholic Beverage Control (Department) occurring after revocation of a liquor license and pending an administrative appeal to the Alcoholic Beverage Control Appeals Board (Board).

Midway Restaurant Systems, Inc. dba A.J.'s Lounge (Midway) appeals a preliminary injunction imposed upon Midway pursuant to Business and Professions Code[1] section 23053.1 at the request of the Department.

In October of 1983 the director of the Department filed an accusation against Midway alleging 10 separate violations of California Administrative

---

[1]All statutory references are to the Business and Professions Code unless otherwise specified.

Code title 4, section 143.3, subdivision (1)(c) (rule 143.3)[2] which prohibits certain activities such as nude dancing in conjunction with the sale of alcoholic beverages. (Cal. Const., art. XX, § 22; Bus. & Prof. Code, §§ 24200, subds. (a) and (b), 25750.) The accusation was amended with additional occurrences in November of 1983.

After a hearing in January of 1984, the Department issued a decision May 10, 1984, revoking Midway's license to serve alcoholic beverages. The violation as found by the Department consisted of 14 counts of 10 different dancers variously displaying either her pubic hair or her vulva. Pursuant to section 23081, Midway appealed the decision to the Board which also resulted in an automatic stay of the revocation (§ 23082). However, invoking a newly enacted statute, section 23053.1,[3] the Department on August 20, 1984, filed a complaint in superior court against Midway for a preliminary and permanent injunction as well as an order to show cause for a temporary restraining order alleging similar and continuous violations of Midway's license May 15 and June 1. The complaint lists seven occurrences where six different dancers displayed pubic hair while performing on stage and one dancer displayed breasts and buttocks while not on stage and within six feet of the nearest patron in violation of rule 143.3 (1)(c), (2).

After various preliminary proceedings, the superior court granted a preliminary injunction enjoining any violations of rule 143.3. Subsequently,

---

[2]Rule 143.3 provides in pertinent part: "Acts or conduct on licensed premises in violation of this rule are deemed contrary to public welfare and morals, and therefore no on-sale license shall be held at any premises where such conduct or acts are permitted.

"Live entertainment is permitted on any licensed premises, except that:

"(1) No licensee shall permit any person to perform acts of or acts which simulate:

"(a) Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law.

"(b) The touching, caressing or fondling on the breast, buttocks, anus or genitals.

"(c) The displaying of the pubic hair, anus, vulva or genitals.

"(2) Subject to the provisions of subdivision (1) hereof, entertainers whose breasts and/or buttocks are exposed to view shall perform only upon a stage at least 18 inches above the immediate floor level and removed at least six feet from the nearest patron.

"No licensee shall permit any person to use artificial devices or inanimate objects to depict any of the prohibited activities described above.

"No licensee shall permit any person to remain in or upon the licensed premises who exposes to public view any portion of his or her genitals or anus."

[3]Section 23053.1 provides: "The director may bring an action to enjoin a violation or the threatened violation of any provision of this division or any rule promulgated pursuant to the provisions of this division. The action may be brought in the county in which the violation occurred or is threatened to occur. Any proceeding brought hereunder shall conform to the requirements of Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure.

"No action shall be brought against any licensee pursuant to this section until the department has adopted a decision after an administrative hearing revoking the license of the licensee."

Midway also filed with this court a petition for writ of prohibition and for a writ of supersedeas as to the injunction. Both were denied December 12, 1984. Midway also brought the requests to the California Supreme Court but failed again to get relief on December 28, 1984 (D002509, D002511).

We now round out the picture of the various actions taken in opposition to and in attempted delay of the license revocation. After the Board upheld on April 29, 1985, the Department's decision to revoke Midway's license, Midway filed with this court a petition for writ of review and request for a stay which was denied on May 22, 1985. Then Midway filed a petition for review with the California Supreme Court (§ 23090; D003156) which the court denied July 11, 1985.[4]

Midway now appeals the injunction which prohibited continued violations of rule 143.3 during the pendency of Midway's appeal to the Board, and advances these contentions:

(1) The superior court both constitutionally and statutorily is without jurisdiction to entertain the action.

(2) Section 23053.1 is unconstitutional under the due process clauses of the United States and California Constitutions since it conflicts with sections 23080-23089.

(3) The application of section 23053.1 to Midway is unconstitutional under the United States and California Constitutions which prohibit ex post facto laws.

(4) It is a violation of Midway's constitutional right of free expression to apply section 23053.1 in this context and injunctive enforcement constitutes a prior restraint on such free expression.

(5) Finally Midway contends enforcement of rule 143.3 in this case is unconstitutional because only dancing or conduct which is "grossly sexual" can be prohibited under the First Amendment of the United States Constitution.

We reject all of Midway's contentions and find section 23053.1 constitutional on its face as well as in its application to Midway in this circumstance.

---

[4]We take judicial notice of these proceedings. (Evid. Code, § 452.)

## I

■ Preliminarily we note Midway's license has been revoked and the circumstances which underlie this appeal no longer exist. Ordinarily this would render the appeal moot. However, the issue inevitably will recur, is one of first impression and great public interest and we consider it appropriate to entertain the appeal. (*Ballard* v. *Anderson* (1971) 4 Cal.3d 873, 876-877 [95 Cal.Rptr. 1, 484 P.2d 1345, 42 A.L.R.3d 1392]; *In re William M.* (1970) 3 Cal.3d 16, 23 [89 Cal.Rptr. 33, 473 P.2d 737].)

## II

The Business and Professions Code lays out a comprehensive framework of powers and duties of the Department of Alcohol Beverage Control, the Alcoholic Beverage Control Appeals Board, and the role of the courts in matters concerning the manufacture and sale of alcoholic beverages. The Department has the power to issue and revoke licenses according to the specifications set out in the statutes (Cal. Const., art. XX, § 22; Bus. & Prof. Code, §§ 23052, 23053.5, 23950 et seq., 24200 et seq.; see also Gov. Code, § 11500 et seq.) and pursuant to section 25750 the Department can make reasonable rules and regulations to carry out the purposes and intent of the constitutional mandate. Rule 143.3 is such a rule. Decisions of the Department can be appealed to the Board (§ 23081) and if such an appeal is taken there is an automatic stay of the effect of the decision (§ 23082). Further, judicial review of decisions is provided exclusively in either the Court of Appeal or the California Supreme Court (§ 23090); jurisdiction for either injunction or mandamus is provided in the same courts in the proper case (§ 23090.5). (See *Top Hat Liquors* v. *Department of Alcoholic Beverage Control* (1974) 13 Cal.3d 107 [118 Cal.Rptr. 10, 529 P.2d 42]; *Schenley Affiliated Brands Corp.* v. *Kirby* (1971) 21 Cal.App.3d 177, 195-196 [98 Cal.Rptr. 609].)

Section 23053.1 was enacted as an urgency measure, to be effective immediately March 28, 1984. Previously the Department had little if any power to prevent license violations during the automatic stay after the Department decision and the final Board review. The statute authorizes the application by the Department for, and the issuance of, an injunction against continued violations but only *after* the Department has adopted a decision following the requisite administrative hearing.

## III

■ First, Midway contends the superior court is without jurisdiction to issue an injunction pursuant to section 23053.1 since previously enacted

statutes provide the Supreme Court and the Court of Appeal exclusive jurisdiction to review or otherwise determine the propriety of departmental activities (§§ 23090, 23090.5).[5]

According to Midway these statutes necessarily preclude the operation of section 23053.1 with its jurisdiction in superior court to enjoin the proscribed activities. Parenthetically, we note, superior courts before 1967 had jurisdiction to review Department activities. When the statutory scheme was changed in 1967 (§§ 23090, 23090.5), various arguments were advanced and rejected the statutes improperly deprived the parties (licensees) of jurisdiction in superior court in actions relating to quasi-judicial and administrative activities of the Department. (*Top Hat Liquors* v. *Department of Alcohol Beverage Control, supra,* 13 Cal.3d 107 at pp. 111-112; *Dept. of Alcoholic Bev. Control* v. *Superior Court* (1968) 268 Cal.App.2d 67 [73 Cal.Rptr. 780]; *Samson Market Co.* v. *Kirby* (1968) 261 Cal.App.2d 577 [68 Cal.Rptr. 130].)

■ Legislative enactment in 1967 of revisions in the role of the courts in matters concerning alcoholic beverages did not exhaust the broad powers given the Legislature by section 22 of article XX of the California Constitution to enact laws concerning that subject. (*Kirby* v. *Alcoholic Bev., etc. Appeals Bd.* (1969) 71 Cal.2d 1200, 1204-1206 [81 Cal.Rptr. 241, 459 P.2d 657].) ■ Section 22 of article XX as originally enacted and as now amended does not include provisions for judicial review of Department or Board rules. Such review has been authorized by legislative enactments. (*Covert* v. *State Board of Equalization* (1946) 29 Cal.2d 125, 132 [173 P.2d 545].) The Legislature has authorized the grant of injunctions to enjoin sales of alcoholic beverages to habitual or common drunkards or an intoxicated person (§ 25602.2). While section 23053.1 is a discordant note in the symmetrical scheme of judicial review set out in sections 23080-23090, we conclude the Legislature may add to the remedies available to the Department in the exercise of its alcoholic beverage control activities.

We thus read section 23053.1 narrowly and hold section 23053.1 may be invoked only in a circumstance where a licensee continues to violate the

---

[5]Section 23090 provides: "Any person affected by a final order of the board, including the department, may, within the time limit specified in this section, apply to the Supreme Court or to the court of appeal for the appellate district in which the proceeding arose, for a writ of review of such final order. The application for writ of review shall be made within 30 days after filing of the final order of the board."

Section 23090.5 provides: "No court of this state, except the Supreme Court and the courts of appeal to the extent specified in this article, shall have jurisdiction to review, affirm, reverse, correct, or annul any order, rule, or decision of the department or to suspend, stay, or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the department in the performance of its duties, but a writ of mandate shall lie from the Supreme Court or the courts of appeal in any proper case."

same rules after the license has been revoked by the Department after an administrative hearing concerning violation of such rules.

So construed, section 23053.1 injunctive relief is confined to activities occurring in conjunction with the sale of alcoholic beverages and thus does not run afoul of the First Amendment prohibition on prior restraints discussed in parts VII and VIII.

### IV

■ Midway next contends since only the Department has access to superior court under section 23053.1, Midway has been denied equal protection under both the United States and California Constitutions (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7). We disagree.

■ Equal protection under the law requires "'persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' [Citations.]" (*Brown* v. *Merlo* (1973) 8 Cal.3d 855, 861 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505].) However, it does not preclude a state from making some distinctions as long as they are reasonable and not arbitrary (*ibid.*). ■ According to Midway, a licensee or any citizen is similarly situated to the Department and therefore must receive like treatment. We disagree. Neither a licensee nor a citizen is similarly situated as the Department in this instance. The Department alone is responsible under the California Constitution and the provisions of the Alcoholic Beverage Control Act for the protection of the safety, welfare, health, peace and morals of the people of the State of California (§§ 23000, 23001, 25750). Neither a licensee such as Midway nor any citizen has this responsibility.

Arguendo, we accept Midway's contention it is similarly situated as the Department and we also accept the argument there are fundamental rights involved, either (as we might perceive it), equal access to the courts (*Boddie* v. *Connecticut* (1971) 401 U.S. 371 [28 L.Ed.2d 113, 91 S.Ct. 780]; *Earls* v. *Superior Court* (1971) 6 Cal.3d 109 [98 Cal.Rptr. 302, 490 P.2d 814]) or, as Midway strenuously argues, rights of free expression (*Schad* v. *Borough of Mount Ephraim* (1981) 452 U.S. 61 [68 L.Ed.2d 671, 101 S.Ct. 2176]; *Morris* v. *Municipal Court* (1982) 32 Cal.3d 553 [186 Cal.Rptr. 494, 652 P.2d 51]). (For further discussion of this alleged right of free expression see parts VII and VIII of this opinion.) The law would then require the state to advance compelling state interests to countervail the imposition of distinct treatment. (*Weber* v. *City Council* (1973) 9 Cal.3d 950, 959 [109 Cal.Rptr. 553, 513 P.2d 601]; *Sail'er Inn, Inc.* v. *Kirby* (1971) 5 Cal.3d 1, 16-17 [95 Cal.Rptr. 329, 485 P.2d 529, 46 A.L.R.3d 351].) Even so, we would still disagree with Midway.

Licensees, such as Midway, have demonstrated a propensity to continually violate Department rules even after the initial revocation of a license. The Department needed more effective, faster and practical means to enforce rules after violations have been established in the first instance. (Sen. Com. on Gov. Org., Staff Analysis, as amended Jan. 13, 1984.) Otherwise, the Department remedy would be to uselessly repeat the process as we have described it: the Department would file an accusation, have another administrative hearing, it would adopt the decision and the licensee would most likely appeal to the Board which again provides an automatic stay of the revocation. Practically, these procedures have little or no effect prior to a final Board decision if a licensee is determined to repeat and continue violations of the rules.

As we have already noted, the California Constitution and the statutes thereunder were enacted "for the protection of the safety, welfare, health, peace, and morals of the people of the State . . . ." (§§ 23001, 25750.) The state, here represented by the Department, has a compelling state interest to enforce against violations in these circumstances. The Department still has to establish the facts underlying the need for the injunction; furthermore, since Code of Civil Procedure sections 525 and 526 come into play, the Department also has to establish irreparable harm unless the injunction is granted. (See *Woods* v. *Superior Court* (1980) 102 Cal.App.3d 608, 613-617 [162 Cal.Rptr. 577]; 6 Witkin, Cal. Procedure (3d. ed. 1985) Provisional Remedies, § 251, p. 217; see also part VII of this opinion.)

The trial court in this instance has superior factfinding capabilities and can most easily determine whether the necessity for an injunction exists. We determine the state has a compelling interest in restraining these activities and section 23053.1 is a reasonable means to achieve this goal. (§ 23049; Stats. 1984, ch. 56, § 2.)

## V

Midway next contends enforcement under section 23053.1 in this circumstance is unconstitutional since the statute was applied ex post facto to Midway. (U.S. Const., art. I, § 9, cl. 3; Cal. Const., art. I, § 9.)

The Department announced its decision May 10, 1984, with the revocation effective on June 25, 1984; section 23053.1 took effect March 28, 1984. Therefore, Midway argues the statute could not be used against it since the underlying violations vis-à-vis the revocation took place before March of 1984. We again disagree.

Ex post facto proscriptions preclude application of new laws to events occurring prior to enactment of the law, and which impose criminal

punishment for such violations or otherwise impair substantial rights. (*Morris* v. *Castro* (1985) 166 Cal.App.3d 33, 37 [212 Cal.Rptr. 299].)

■ Generally, ex post facto proscriptions apply only in a criminal context. (*Morris* v. *Castro, supra,* at p. 37; *Campbell* v. *Department of Motor Vehicles* (1984) 155 Cal.App.3d 716, 718 [202 Cal.Rptr. 324].) ■ Although certain violations of the Alcohol Beverage Control Act may carry criminal penalties, the procedures here at issue are civil in nature. (See generally, 3 Cal.Jur.3d, Alcoholic Beverages (1973) § 10, p. 374.) ■ Retroactive application of statutes, however, can be questionable if the new statute affects vested rights. (13 Cal.Jur.3d, Constitutional Law (1974) §§ 269, 270, pp. 502-506.) ■ Arguably, a license is considered a vested right protected by due process in some circumstances. (See *Frink* v. *Prod* (1982) 31 Cal.3d 166, 175-180 [181 Cal.Rptr. 893, 643 P.2d 476]; *Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 143-146 [93 Cal.Rptr. 234, 481 P.2d 242].) Nevertheless, to the extent the license is subject to the state's police power, it is not vested. (13 Cal.Jur.3d, *supra,* § 274, p. 513; *Drummey* v. *State Bd. of Funeral Directors* (1939) 13 Cal.2d 75 [87 P.2d 848]; *Cleveland Chiropractic College* v. *State Bd. of Chiropractic Examiners* (1970) 11 Cal.App.3d 25 [89 Cal.Rptr. 572]; *Murrill* v. *State Board of Accountancy* (1950) 97 Cal.App.2d 709 [218 P.2d 569].)

■ Midway argues the statute changed the consequences of violations and Department action which occurred before the statute was enacted. It contends it would have defended more strenuously at the Department revocation proceeding if it had known of the new Department remedy to curb later violations. Midway really argues it has a right to violate continuously the conditions of its license and thereby take advantage of the loophole to, we suppose, increase its income during the interim time. We disagree.

Here, the revocation of the license was stayed (§ 23082); Midway could continue to sell alcoholic beverages; section 23053.1 did not change that. The only change section 23053.1 made vis-à-vis Midway was to curb *violations* of statutory proscriptions and rules in the interim period between Department decision and final Board action.

The section 23053.1 remedy was invoked exclusively because of violations which took place *after* March 28, 1984, and *after* the Department decision May 10 (§§ 23053.1, 24300; Gov. Code, §§ 11500-11526). Midway's contentions have no merit. (Cf. *Fox* v. *Alexis* (1985) 38 Cal.3d 621 [214 Cal.Rptr. 132, 699 P.2d 309]; *Johnson* v. *Alexis* (1983) 143 Cal.App.3d 82 [191 Cal.Rptr. 529].)

## VI

■ Midway additionally contends the statute conflicts with sections 23080-23089 and should not be operative until after the license revocation has become final after an appeal to the Board.

Section 23053.1[6] specifically provides the Department can seek an injunction after "the department has adopted a decision after an administrative hearing revoking the license of the licensee." Midway argues this conflicts with sections 23080-23089 which provide for appellate review with the Board. Although section 23082 provides an automatic stay when a licensee appeals a license revocation to the Board, there are no unresolvable inconsistencies between section 23053.1 and sections 23082-23089. (*Isobe* v. *Unemployment Ins. Appeals Bd.* (1974) 12 Cal.3d 584, 591 [116 Cal.Rptr. 376, 526 P.2d 528].)

We need only look to the plain language of section 23053.1 (*People* v. *Belleci* (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473]); the Department has the power to seek injunction of *violations* or *threatened violations* of the statutory provisions and the rules promulgated accordingly. The Department has no power under section 23053.1 to revoke the license *or* to otherwise interfere with the licensee's license, i.e., ability to serve liquor; rather, the Department has limited power to ask the court to enjoin continued violations of the license. This was exactly the condition the statute was designed to alleviate (Stats. 1984, ch. 56, § 2).

If, as Midway also suggests, section 23053.1 is not to be used until after the appellate process is completed, the statute is almost superfluous. After a Board decision the revocation becomes final (§ 23088). Any possibility of a stay in case of further judicial review is then discretionary with the court (§ 23090.6). Section 23053.1 thereby is unnecessary although it might theoretically be possible to use section 23053.1 in case of continued violations *during* a stay in that setting. However, that is not the issue before us. Midway's contentions have no merit.

## VII

■ Midway argues injunctive relief against nude dancing under section 23053.1 constitutes a prior restraint on free expression in violation of First Amendment rights. We disagree.

In *California* v. *LaRue* (1972) 409 U.S. 109 [34 L.Ed.2d 342, 93 S.Ct. 390], the United States Supreme Court upheld rule 143.3 against consti-

---

[6]See *ante,* footnote 3.

tutional attack in large part because of the presumption in favor of the states' Twenty-first Amendment rights to regulate the sale of alcoholic beverages. (U.S. Const., 21st Amend.) The court refused to hold the rules on their face violated the federal Constitution and said: "While we agree that at least some of the performances to which these regulations address themselves are within the limits of the constitutional protection of freedom of expression, the critical fact is that California has not forbidden these performances across the board. It has merely proscribed such performances in establishments that it licenses to sell liquor by the drink.

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The Department's conclusion, embodied in these regulations, that certain sexual performances and the dispensation of liquor by the drink ought not to occur at premises that have licenses was not an irrational one. Given the added presumption in favor of the validity of the state regulation in this area that the Twenty-first Amendment requires, we cannot hold that the regulations on their face violate the Federal Constitution." (*California* v. *LaRue, supra,* at pp. 118-119 [34 L.Ed.2d at p. 352], fn. omitted.)

■ The revocation of Midway's license because of violations of rule 143.3 in the first instance therefore passes constitutional muster.

■ Midway now contends since the injunction is applied directly to the rule violations, i.e., the nude dancing which arguably receives some First Amendment protection (*Schad* v. *Borough of Mount Ephraim, supra,* 452 U.S. 61, at p. 66 [68 L.Ed.2d 671, at p. 678]; *Morris* v. *Municipal Court, supra,* 32 Cal.3d 553), the enforcement by injunction in this circumstance is unconstitutional. (*Wilson* v. *Superior Court* (1975) 13 Cal.3d 652 [119 Cal.Rptr. 468, 532 P.2d 116].)

Although Midway is correct in saying injunctive relief can be improper as prior restraint when free expression is at stake, there are several reasons the argument fails. First, since the activities complained of took place in conjunction with the sale of alcoholic beverages, injunctive relief against the violation does not call into play the First Amendment as it otherwise might have if no alcoholic beverages were involved.

Second, although a statute which specifically authorizes injunctions in certain situations may sanction such relief, the remedy is not automatic. The Legislature here incorporated the Code of Civil Procedure sections relating to injunctions generally, and by so doing the Department and the courts must conform to the requirements as set forth there. The language of section 23053.1 does not make the granting of an injunction mandatory

upon the court. It has discretion. The statute only authorizes this remedy as it may be requested by the Department in a proper manner.

The earlier, different version of the bill shows it originally provided a presumption of irreparable harm and no adequate remedy at law if violations were established and were not enjoined or restrained. (Assem. Bill No. 2189 (1983-1984 Reg. Sess.) § 1.) That language was omitted in the bill's final and passed version (§ 23053.1; Sen. Amend. to Assem. Bill No. 2189 (1983-1984 Reg. Sess.) Feb. 21, 1984). There are numerous statutes sanctioning injunctive relief throughout the code with or without this presumption. (See, e.g., 6 Witkin, Cal. Procedure (3d ed. 1985) Provisional Remedies, § 251, pp. 217-218.)

■■■ When the Legislature rejects language from a bill which was part of it when it was introduced, it should be construed according to the final version. (*Ventura* v. *City of San Jose* (1984) 151 Cal.App.3d 1076, 1080 [199 Cal.Rptr. 216]; *Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 607 [45 Cal.Rptr. 512].) ■■■ This legislative history plus the reference in the final version to the Code of Civil Procedure shows the trial court may not be deprived of its inherent discretion to grant relief. The Department must make the requisite showings required in the Code of Civil Procedure in order to obtain the requested relief under section 23053.1. (Code Civ. Proc., § 525 et seq.; *Woods* v. *Superior Court, supra,* 102 Cal.App.3d 608 at pp. 613-618; to the extent *In re Marriage of Van Hook* (1983) 147 Cal.App.3d 970, 984-986 [195 Cal.Rptr. 541], is in disagreement, we decline to follow it.) The activities proscribed by rule 143.3 are spelled out exactly and specifically. The Department can only take action in certain specific instances[7] and only when these acts are done in conjunction with the sale of alcoholic beverages.

We also think it significant the statute only provides injunctive relief after the hearing and a final Department decision accepting the revocation. Midway had the full panoply of procedural safeguards at its disposal during the first departmental hearing, the Board review and later judicial review of the final decision. Furthermore, Midway does not factually argue the conduct the Department sought to enjoin did not violate the proscriptions in rule 143.3. (*California* v. *LaRue, supra,* 409 U.S. 109, at p. 118 [34 L.Ed.2d 342].) Midway's contentions have no merit.

### VIII

■■■ Finally, Midway contends its First Amendment rights were violated when the Department failed to demonstrate the specific dance violations were grossly sexual or rose to the level of a bacchanalian revelry.

---

[7]See *ante,* footnote 2.

 This is again a rehash of *California* v. *LaRue, supra,* 409 U.S. 109, where proscriptions against nude dancing, which arguably might otherwise receive some constitutional protection, were upheld because the dancing occurred in connection with the sale of liquor. That is still the law.
 Additionally, these contentions were answered in *Richter* v. *Dept. of Alcoholic Beverage Control* (9th Cir. 1976) 559 F.2d 1168, cert. den. 434 U.S. 1046 [54 L.Ed.2d 797, 98 S.Ct. 891]. In *Richter,* the licensee whose license was revoked raised these same arguments in federal district court. The licensee requested declaratory relief, and injunctions against the Department. It is of no avail to Midway to repeat the arguments raised and decided in *Richter.* The facts here appear strikingly similar to *Richter* except section 23053.1 has been interposed on the Department enforcement scheme to prevent continued violations of Department rules.

The district court in *Richter* denied relief and on appeal the Ninth Circuit stated: "The appellant is incorrect in his contention that it must initially be determined whether the entertainment is more 'gross sexually' than 'communicative expression.' If it is concluded, as it apparently was in *LaRue,* that the combination of nude dancing and alcoholic inebriation increases to an unacceptable level the likelihood of illegal and/or disorderly conduct, the state can properly prohibit the combination of the two. The issue, therefore, is not whether the nude dancing is so near gross sexually as to approach obscenity, but whether nude dancing of any sort when performed in establishments serving liquor is sufficiently likely to cause properly proscribed conduct. Thus, the fact that the nude dancing here may have been entirely tasteful is irrelevant, once it is accepted that the state can constitutionally prohibit the serving of liquor in establishments which provide nude dancing." (*Richter, supra,* at p. 1173.)

We agree. It is not necessary for the Department to prove the nude dancing rises to a level of bacchanalian revelry or depicts grossly sexual conduct in order to establish a violation of rule 143.3. (See also *Dash, Inc.* v. *Alcoholic Beverage Control Appeals Bd.* (9th Cir. 1982) 683 F.2d 1229, 1231-1232, fn. 3.)

Although section 23053.1 adds the remedy of injunction, the level and type of proof is not different. There is no merit in this contention.

IX

Section 23053.1 does not deny Midway equal protection under the law. Previous statutes (§§ 23082-23089, 23090, 23090.5) do not preclude (1) jurisdiction in superior court or (2) injunctive relief after a Department decision and an automatic stay of the decision. Section 23053.1's application

to Midway in this factual circumstance is not prohibited by ex post facto proscriptions in either the United States or California Constitutions. Further, section 23053.1 does not constitute a prior restraint of free expression, nor is it necessary to establish the activities enjoined rise to the level of gross sexual conduct or bacchanalian revelry.

## X

The Department sought and the court issued an injunction enjoining Midway, its agents, officers, representatives and employees from "violating or permitting the violation of the California Administrative Code, Title 4, section 143.3." As we have seen, rule 143.3 prohibits a broad spectrum of sexual and sexually related activities. Midway was found by the Department in violation of subsection (1)(c) and the declaration before the court offered evidence of violation of that subsection. As we earlier observed, section 23053.1 is narrow in scope and injunctive relief is available only with respect to rule or statute violations resulting in departmental revocation of a license. The injunction issued here was not so limited. As the order of the Board affirming the Department's revocation of Midway's license is final and the case is moot as to Midway, no purpose would be served in remanding for further proceedings.

Order affirmed.

Kremer, P. J., and Wiener, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 13, 1986.