[No. B027286. Second Dist., Div. Three. Oct. 23, 1987.]

DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL,
Petitioner, v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD,
Respondent;
SAFEWAY STORES, INC., et al., Real Parties in Interest.

**COUNSEL**

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Henry G. Ullerich and Marilyn K. Mayer, Deputy Attorneys General, for Petitioner.

William B. Eley for Respondent.

Latham & Watkins and David A. Hahn for Real Parties in Interest.

**OPINION**

**ARABIAN, J.—**

INTRODUCTION

This case presents a jurisdictional dispute between two sister agencies, petitioner, the Department of Alcoholic Beverage Control (the Department) and respondent, the Alcoholic Beverage Control Appeals Board (Appeals Board). The Department petitions this court for a writ of review in order to establish that the Appeals Board lacks jurisdiction to review a decision of the Department concerning the proper fees for the transfer of liquor licenses by real-party-in-interest, Safeway Stores, Inc., and related parties (Safeway or real parties in interest).[1] Both the Appeals Board and Safeway contend that the Appeals Board has jurisdiction to review the Department's decision in this matter. We affirm the Appeals Board's denial of the Department's motion to dismiss Safeway's appeal.

FACTS

In connection with a corporate reorganization and liquidation, Safeway Stores, Inc., transferred over 500 California alcoholic beverage licenses (mostly off-sale general) to Safeway Stores Holdings Corporation and certain of its subsidiaries, Safeway Stores 23, Inc., Safeway Stores 24, Inc., Safeway Stores 25, Inc., and Safeway Stores 65, Inc.

In a letter to the Department, dated September 15, 1986, Safeway presented its views concerning certain aspects of the license transfers, including its analysis of the applicable fee provision, concluding that the transfers were governed by Business and Professions Code section 24071,[2] which imposes a fee of $50 for transfer of each license.

---

[1] Safeway Stores Holdings Inc., Safeway Stores 22, Inc., Safeway Stores 23, Inc., Safeway Stores 24, Inc., Safeway Stores 25, Inc., and Safeway Stores 65, Inc.

[2] All citations are to the Business and Professions Code unless otherwise specified.

Section 24071 provides in pertinent part: ". . . [A] license may be transferred between corporations whose outstanding shares of stock are owned by the same natural persons, or a licensee may transfer upon compliance with Section 24073 any license to a corporation whose

By letter dated October 14, 1986, the Department responded, confirming a telephone conference of September 30, 1986, and "commit[ing] to writing [its] findings and conclusions" regarding the license transfers. The Department concluded that the license transfers fell within general fee provisions of section 24072,[3] which would result in a fee of $1,250 for transfer of each off-sale general license.

Safeway appealed the decision of the Department to the Appeals Board. The Department filed a motion to dismiss. Both the Department and Safeway filed briefs with the Appeals Board in support of their positions. The Appeals Board, by order dated April 2, 1987, denied the Department's motion. The Department now challenges the Appeals Board's jurisdiction in a petition for review which was granted.

ISSUE

Does the Appeals Board have jurisdiction to review the decision of the Department determining the applicable fee for the transfer of Safeway's liquor licenses?

DISCUSSION

The Alcoholic Beverage Control Act provides a comprehensive framework of the powers and duties of the Department, the Appeals Board, and the role of the courts in matters concerning the manufacture and sale of alcoholic beverages. The Department is authorized to issue, revoke and transfer licenses according to specifications set out in the statutes. (Cal. Const., art. XX, § 22; Bus. & Prof. Code, §§ 23000 et seq., 23049 et seq., 23300 et seq. and 23950 et seq.; Gov. Code, § 11150 et seq.)

---

entire stock is owned by the licensee, or his spouse, or a license may be transferred from a corporation to a person who owns, or whose spouse owns, the entire stock of the corporation, and the fee for transfer of each license is fifty dollars ($50). The regular transfer fee provided in Section 24072 shall be due and payable upon the subsequent transfer of 25 percent of the stock in a corporation to which a license has been transferred by a licensee or his spouse pursuant to this section . . . ."

[3] Section 24072 provides in pertinent part: "The following transfer fees shall be charged by the department: (a) The fee for transfer of a license other than a retail license from a licensee to another person is a fee equal to 70 percent of the annual fee for the license, except as provided in Section 24071. Section 23322 shall not apply to this transfer fee. (b) The fee for transfer of a retail license from a licensee to another person is a fee equal to 50 percent of the original fee for the license, but not to exceed one thousand two hundred fifty dollars ($1,250), or if no original fee is provided for by law, one hundred dollars ($100). (c) Except as provided in Section 24082, the fee for transfer of a license from one premises to another premises is one hundred dollars ($100). (d) Notwithstanding the other fee provisions of this section, the fee for a transfer of an off-sale general license from one county to another county shall be three thousand dollars ($3,000). . . ."

Article XX, section 22 of the California Constitution created the Department as well as the Appeals Board and provides, in pertinent part, as follows: "When any person aggrieved thereby appeals from a decision of the department ordering any penalty assessment, issuing, denying, transferring, suspending or revoking any license for the manufacture, importation, or sale of alcoholic beverages, the board shall review the decision subject to such limitations as may be imposed by the Legislature. In such cases, the board shall not receive evidence in addition to that considered by the department. Review by the board of a decision of the department shall be limited to the questions whether the department has proceeded without or in excess of its jurisdiction, whether the department has proceeded in the manner required by law, whether the decision is supported by the findings, and whether the findings are supported by substantial evidence in the light of the whole record. In appeals where the board finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before the department it may enter an order remanding the matter to the department for reconsideration in the light of such evidence. In all other appeals the board shall enter an order either affirming or reversing the decision of the department. When the order reverses the decision of the department, the board may direct the reconsideration of the matter in the light of its order and may direct the department to take such further action as is specially enjoined upon it by law, but the order shall not limit or control in any way the discretion vested by law in the department. Orders of the board shall be subject to judicial review upon petition of the director or any party aggrieved by such order."

Consistent with the constitutional mandate, the Legislature has provided for appeal to the Appeals Board by "any party aggrieved by a final decision of the department." (§ 23081.) "Decision" is defined as "any determination of the department imposing a penalty assessment or affecting a license which may be appealed to the board under Section 22 of Article XX of the Constitution." (§ 23080.) The scope of review by the board is limited to those questions specified in the Constitution. (§ 23084.)[4]

---

[4]Section 23084 provides: "The review by the board of a decision of the department shall be limited to the questions:

"(a) Whether the department has proceeded without, or in excess of, its jurisdiction.

"(b) Whether the department has proceeded in the manner required by law.

"(c) Whether the decision is supported by the findings.

"(d) Whether the findings are supported by substantial evidence in the light of the whole record.

"(e) Whether there is relevant evidence, which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before the department."

■ The Department contends that the decision regarding the fee applicable to the transfer of Safeway's licenses is "purely administrative" and that the Appeals Board's jurisdiction is limited to a review of quasi-judicial decisions of the Department only after a hearing has been held and there is an administrative record to review.

■ Initially, we observe that the decision which is the subject of this writ proceeding is an adjudicatory or quasi-judicial action rather than an administrative or quasi-legislative action because it is the determination of specific rights in regard to a specific fact situation. (*Patterson* v. *Central Coast Regional Com.* (1976) 58 Cal.App.3d 833, 840-841 [130 Cal.Rptr. 169].) "Particular procedural characteristics of the administrative process are not necessarily determinative of the classification of the function. (*Rivera* v. *Division of Industrial Welfare,* 265 Cal.App.2d 576, 586-587 . . .; *Wilson* v. *Hidden Valley Mun. Water Dist.,* 256 Cal.App.2d 271, 279 . . . .) Nor is the breadth or narrowness of the agency's discretion controlling. (*Pitts* v. *Perluss,* [1962], 58 Cal.2d at p. 834 [27 Cal.Rptr. 19, 377 P.2d 83].)" (*Id.,* at p. 841.)

■ The Appeals Board contends that the Department did conduct a hearing, although not an APA hearing (referring to the procedure provided by the Administrative Procedure Act, Gov. Code, § 11370 et seq.) in that Safeway submitted evidence in the form of its counsel's letter of September 15, 1986, and memorandum to "Distribution" dated August 8, 1986, which were attached to the Department's petition for review. The Appeals Board refers to "oral argument via appearance of its counsel" before the Department's assistant director, Legislative and Regulatory Affairs, on September 16, 1986, referred to in the September 15, 1986, letter, and via telephone conference of September 30, 1986, mentioned in the Department's letter of decision.

We find it unnecessary to characterize the Department's review as a "hearing," because the decision, whether following a hearing or not, is appealable to the Appeals Board, as discussed, *infra.*

The Department's contention that a hearing is a prerequisite to the Appeals Board's jurisdiction rests on the argument that the language of article XX, section 22 of the California Constitution "mirrors" the language contained in Code of Civil Procedure section 1094.5, which provides for judicial review of administrative adjudications by administrative mandamus proceedings. This argument overlooks important differences between these two provisions. Code of Civil Procedure section 1094.5 specifically states it applies to "any final administrative order or decision made as the result of a

proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer . . . ." Neither the Constitution nor the Business and Professions Code expresses such a prerequisite in regard to the decisions reviewable by the Appeals Board. Also, Code of Civil Procedure section 1094.5 specifically mentions that the scope of judicial inquiry includes "whether there was a fair trial," which is *not* expressed in the Appeals Board's mandate. These differences suggest that the Appeals Board is not limited to review of quasi-judicial decisions following formal hearings only.

Furthermore, the prescribed scope of review within the Appeals Board's jurisdiction is as appropriate for a Department decision without a hearing as it is for one following a hearing. The present case illustrates that appropriateness: the decision regarding the proper transfer fee is a question of law, which falls within the Appeals Board's power to review "whether the department has proceeded without, or in excess of, its jurisdiction," and "whether the department has proceeded in the manner required by law" (Cal. Const., art. XX, § 22; § 23084, subds. (a) and (b)). Because there is no factual dispute,[5] the correspondence between the Department and Safeway provides a sufficient record, with stated findings and decision, for the Appeals Board's review of "[w]hether the decision is supported by findings" and "[w]hether the findings are supported by substantial evidence in the light of the whole record." (*Id.*, § 23084, subds. (c) and (d).)

 The Department relies on *Top Hat Liquors* v. *Department of Alcoholic Beverage Control* (1974) 13 Cal.3d 107 [118 Cal.Rptr. 10, 529 P.2d 42], for the proposition that the Appeals Board can only review decisions where there has been a hearing with a record to review and after the Department has acted in its quasi-judicial capacity. However, in the *Top Hat* case, the Supreme Court defines the jurisdiction of the courts to review departmental decisions, not the jurisdiction of the Appeals Board. A liquor licensee sought a writ of mandate to compel the Department to reduce monetary penalties assessed against it. In denying the writ, the Supreme Court held that the exclusive avenue to judicial review of adjudicatory decisions of the Department is by the writ of review provided by sections 23090 through 23090.7, *after a final order of the Appeals Board*. The licensee had failed to exhaust his administrative remedy, appeal to the Appeals Board, and the writ was denied.

---

[5] Nothing in the administrative record before the Appeals Board at the time of ruling on the Department's motion for dismissal suggested that there were any contested factual issues or a need for additional information. In appropriate circumstances, the Appeals Board can remand the matter to the Department for additional factfinding. (§ 23085.)

In reaching its conclusion, the Supreme Court emphasized that it had not overlooked that provision of section 23090.5 which states that notwithstanding the express limitations on judicial review, "a writ of mandate shall lie from the Supreme Court or the courts of appeal in any proper case." The court explained that this provision does not authorize an alternative avenue of judicial review of adjudicatory decisions, but that the writ of mandate "remains available as a vehicle to otherwise challenge departmental performances or lack thereof 'which the law specifically enjoins' or which denies to a party 'the use and enjoyment of a right or office to which he is entitled.' (Code Civ. Proc., § 1085.) 'As we read section 23090.5, the Legislature intended thereby to provide for judicial review of the orders, rules or decisions or other acts of the department in the performance of its duties when acting in its administrative [quasi-legislative] rather than its limited judicial capacity.' (*Samson Market Co.* v. *Kirby* (1968) 261 Cal.App.2d 577, 581 [68 Cal.Rptr. 130].)" (*Id.,* at pp. 111-112.)

█ Even if one assumes the Department's decision regarding transfer fees is "purely administrative," as the Department urges, the Supreme Court did not *preclude* appeal of such decisions to the Appeals Board. In fact, the court stated, "Even if we were to assume that petitioner is entitled to a general mandamus review pursuant to section 23090.5, that avenue of judicial review would also require that the administrative remedy first be pursued and exhausted. (See *Abelleira* v. *District Court of Appeal* [1941] 17 Cal.2d 280, 284-285, 291-293 [109 P.2d 942, 132 A.L.R. 715].)" (*Id.,* at p. 112, fn. 6.)[6]

█ In the case before us, an "aggrieved" party has appealed to the Appeals Board, which is empowered by law to review a "decision of the department . . . transferring . . . any license . . . ." (Cal. Const., art. XX, § 22.)

---

[6]The Department also cites *Gonzales & Co.* v. *Department of Alcoholic Bev. Control* (1984) 151 Cal.App.3d 172 [198 Cal.Rptr. 479], in which the Court of Appeal granted a writ of mandate commanding the Department to refrain from undertaking any measures to curtail or restrain petitioner's consumer rebate program on the ground that it violated a provision of the Alcoholic Beverage Control Act. The Department claims the court held that an immediate writ was the proper remedy to review an administrative decision of the Department. There is no discussion of this issue by the *Gonzales* court. The court assumed jurisdiction of the writ, simply noting, "Pursuant to Business and Professions Code section 23090.5, this court shares exclusive original jurisdiction with the Supreme Court to issue a writ of mandate to the Department." (*Id.,* at p. 174, fn. 1.) Accordingly, this case has no relevance to the issue of the jurisdiction of the Appeals Board to review the Safeway transfer fee decision.

While there may be circumstances in which a party aggrieved by a decision, order or action of the Department may properly petition for a writ of mandate without first appealing to the Appeals Board (see, e.g., *Sail'er Inn, Inc.* v. *Kirby* (1971) 5 Cal.3d 1 [95 Cal.Rptr. 329, 485 P.2d 529, 46 A.L.R.3d 351]), because Safeway did in fact appeal to the Appeals Board, we need not consider whether *this* is such a case.

There is no authority which denies the Appeals Board jurisdiction to review the Department's decision regarding fees for the transfer of Safeway's liquor licenses, whether the Department conducted a formal hearing or not.

## DISPOSITION

The order of the Appeals Board, denying the Department's motion to dismiss for lack of jursidiction, is affirmed.

Klein, P. J., and Margolis, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.